**In re the MARRIAGE OF Susan Linda CLARKE and Paul William Clarke**

**Susan Linda CLARKE, Petitioner/Respondent,**

v.

**Paul William CLARKE, Respondent/Appellant.**

**Susan Linda CLARKE, Petitioner/Appellant,**

v.

**Paul William CLARKE, Respondent/Respondent.**

Nos. 69343, 69417.

Missouri Court of Appeals, Eastern District, Southern Division.

Aug. 12, 1997.

King E. Sidwell, Blanton, Rice, Sidwell & Ottinger, L.L.C., Sikeston, for appellant.

Kenneth C. McManaman, O'Loughlin, O'Loughlin & McManaman, Cape Girardeau, for respondent.

Jeffrey Philip Dix, Jackson, Guardian Ad Litem.

Before AHRENS, C.J., and KAROHL and CRANE, JJ.

PER CURIAM.

This is an appeal from a dissolution decree. Husband challenges the division of marital property, maintenance, child support, attorney's fees, and the court's use of an expert's recommendations. We reverse and remand with respect to maintenance and affirm the remainder of the judgment pursuant to Rule 84.16(b).

Susan Linda Clarke (wife) and Paul William Clarke (husband) were married on October 20, 1974 in Bryan, Texas. Four children were born of the marriage, a daughter born on October 6, 1978, a daughter born on January 29, 1980, a son born on April 29, 1982 and a son born on December 31, 1989.

On September 30, 1993 wife filed a petition for dissolution. Husband answered and cross-petitioned. A trial was held on August 8, 1995. Neither party requested findings of fact.

On September 29, 1995 the trial court entered a decree of dissolution containing factual findings which awarded wife custody of the parties' four minor children and ordered husband to pay $3,500.00 per month in child support. The court awarded wife maintenance in the amount of $2,500.00 per month. The court awarded wife the family home and husband his medical office building, real estate, and a duplex. It divided the remaining marital property. The court ordered husband to pay wife's attorney's fees up to $20,000.00.

Both parties filed notices of appeal. Wife filed a brief which responded to the points relied on in husband's brief but did not brief any points which she contended were error. Accordingly, her appeal is deemed abandoned. Husband challenges the trial court's

division of marital property, maintenance, child support and attorney's fees. He also contends the trial court abdicated its responsibilities in accepting the recommendations of wife's expert witness. We reverse and remand with respect to maintenance.

With respect to the remaining points on appeal, the trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). An opinion reciting the detailed facts and restating the principles of law would have no precedential value. The parties have been furnished with a memorandum opinion, for their information only, setting forth the facts and reasons for this order. We affirm the judgment on these points in accordance with Rule 84.16(b).

## MAINTENANCE

Husband contends that the trial court erred in awarding wife monthly maintenance of $2,500.00 because wife was capable of meeting her reasonable needs through her income-producing property and employment.

■ A trial court may order maintenance if the spouse seeking it lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment. Section 452.335.1 RSMo 1994. Furthermore, the trial court has broad discretion in determining the amount and duration of maintenance after considering all relevant factors as set out in Section 452.335.2 RSMo 1994. *Chapman v. Chapman*, 871 S.W.2d 123, 126 (Mo.App.1994). Husband claims wife did not meet the threshold test because income from the marital property awarded to her and income she could receive from employment would be adequate to meet her reasonable monthly needs.

We look first to whether wife's property was sufficient to meet her needs. Wife testified to reasonable needs of $6,000.00 per month for herself and the children and requested an award of that amount. The court awarded $2,500.00 in maintenance and $3,500.00 in child support for a total of $6,000.00 per month.

Husband contends (and wife does not dispute) that wife was awarded $654,092.00 in income-producing property. He concludes that if she invested this money in certificates of deposit, she would receive between $35,000.00 to $39,000.00 per year. He contends that more aggressive investments could double these amounts.

■ The interest a spouse will earn from his or her share of the marital property must be considered in determining the necessity for, or amount of, maintenance. *Jung v. Jung*, 886 S.W.2d 737, 740 (Mo.App.1994). Failure to consider the recipient spouse's reasonable expectation of income from investment of the marital property constitutes error. *Id.* Maintenance must be limited to the demonstrable needs of the recipient spouse and not provide an accumulation of capital. *Id.; Heins v. Heins*, 783 S.W.2d 481, 483 (Mo.App.1990).

The record does not support a conclusion that the court considered the income from wife's income-producing property in awarding wife $2,500.00 per month maintenance. The $2,500.00 represents wife's requested reasonable needs after receipt of $3,500.00 per month for child support. It is apparent that wife's income-producing property could produce all or a substantial part of the income needed to meet her needs. This case should be remanded to the trial court to reconsider maintenance in light of wife's income-producing property. On remand the trial court should consider evidence of what income the property currently generates. The trial court is not required to impute a higher amount of income based on more aggressive investments. A spouse need not risk assets to get a higher return.

■ The trial court did not err in not imputing employment income to wife. There was substantial evidence to support a finding that wife did not have the ability to meet her needs through appropriate employment. Although she had earned a degree in fashion merchandising in 1969 or 1970 and had clerical work experience prior to the birth of their oldest child, wife was unemployed at the time of trial and had been unemployed for seventeen years prior to trial. Wife had devoted

her time to being a full-time homemaker and caregiver to the four children. She was awarded custody of the four children. Husband did not adduce evidence on which the court could properly impute income such as the availability of particular jobs at specific pay levels for which wife had the required qualifications. Under these circumstances the trial court did not err in failing to impute employment income to wife. *Gal v. Gal,* 937 S.W.2d 391, 397 (Mo.App.1997); *Grams v. Grams,* 789 S.W.2d 846, 849 (Mo.App.1990).

The trial court's award of monthly maintenance in the amount of $2,500.00 is reversed and the case is remanded for a redetermination of the amount of maintenance husband must pay, if any, taking into account the income wife receives from the marital property distributed to her. We affirm in all other respects. Rule 84.16(b).