**Susan Linda CLARKE,**
**Petitioner/Respondent,**

v.

**Paul William CLARKE,**
**Respondent/Appellant.**

No. 73608.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 29, 1998.

King E. Sidwell, Sikeston, for appellant.

Kenneth C. McManaman, Cape Girardeau, for respondent.

RICHARD B. TEITELMAN, Judge.

Husband appeals for the second time from a dissolution decree. In his first appeal, Husband challenged the division of marital property, the amount of maintenance and child support, the use of an expert witness and the award to Wife of $20,000 in attorney's fees for the trial. This Court reversed and remanded solely on the issue of maintenance, affirming the trial court's judgment in all other respects. Upon remand the trial court entered a judgment which substantially reduced Wife's amount of monthly maintenance but made the reduced maintenance award prospective only. The new judgment also awarded Wife $5,000 in attorney's fees incurred as a result of the first appeal. In his appeal from the new judgment, Husband raises three issues. First, he asserts that the reduced maintenance award is still excessive. Second, he argues that the reduced maintenance award should have been applied retroactively to the date of original judgment, so as to afford him restitution for amounts he previously overpaid. Third, he claims the trial court exceeded its authority in awarding Wife attorney's fees for the prior appeal. We affirm as to the amount of maintenance and the award of attorney's fees. We reverse on the issue of restitution.

## I. Factual and Procedural Background

The original dissolution decree in this matter was entered on September 29, 1995. Among the provisions of the Original Judgment were the following: Wife was awarded custody of the parties' four minor children and Husband was ordered to pay $3,500 per month in child support. Wife was awarded maintenance in the amount of $2,500 per month. The court awarded Wife the family home and Husband (who is a physician) his medical office building, a duplex and certain other real estate. The court then divided the remaining marital property. Pursuant to that division, Wife was awarded $654,000 in income-producing property. Husband also was ordered to pay Wife's attorney's fees up to $20,000.

Husband filed a timely Notice of Appeal from the Original Judgment. His appeal challenged virtually every contested issue at trial, including the division of marital property, child support, use of an expert, maintenance, and award of attorney's fees.

While that appeal was still pending, in February of 1997, Wife filed her "Verified Motion Pendente Lite Requesting Suit Monies, Costs, Attorney Fees And Litigation Expenses Related To And On Appeal." Wife's motion alleged, *inter alia*, that her anticipated attorney's fees on appeal were estimated to total $15,000; that Husband's points on appeal were all meritless; and that there was no just reason why Husband should not be required to pay Wife's costs and fees incurred as a result of the appeal.

On April 23, 1997, the trial court held a full evidentiary hearing regarding Wife's motion for attorney's fees on appeal. Two days later, the court entered a judgment and order denying Wife's motion. This judgment was not appealed.

On August 12, 1997, this Court issued its opinion in the first appeal. *In re Marriage of Clarke*, 950 S.W.2d 11 (Mo.App. E.D.1997), (hereinafter, *"Clarke I"*). In *Clarke I* we held that it was error for the trial court, in determining the necessity for and amount of maintenance, to fail to consider the amount of money Wife could reasonably be expected to receive from her income-producing prop-

erty. *Id.* at 13. We reversed and remanded, with directions that the trial court redetermine maintenance after hearing evidence concerning the amount of income Wife received from her investment property. *Id.*

On October 28, 1997, the trial court held a new hearing to reconsider the issue of maintenance. At this hearing the court considered evidence concerning Wife's current income from all sources, Wife's estimated current reasonable and necessary living expenses, and Husband's current income. The court found that Wife's investment income, derived from the assets previously awarded her, averaged between $2,000 and $2,500 per month. The court further heard testimony from Wife that her current total estimated reasonable and necessary living expenses were roughly $5,600 per month, as compared to $6,000 per month at the time of the initial trial. Since the trial, Wife had also expended approximately $150,000 for remodeling and improving the family home.

The court also heard testimony concerning Husband's current income. He testified that the year initially used to determine his earned income, 1994, was the pinnacle year of his OB–GYN practice, and that since that time he had delivered fewer babies and earned considerably less money. He testified that his total *net* monthly earned income for 1996 was $26,841. He projected net monthly earned income for 1997 of $22,784. He claimed monthly expenses (including personal living expenses, home mortgage, office mortgage, and state and federal taxes) of $16,711. The trial court noted, however, that Husband had failed to provide the court with evidence of the investment income that he derived from any of the liquid and non-liquid assets previously awarded to him in the dissolution decree, and that Husband's Form 14 was incomplete and erroneous.

On November 7, 1997, the trial court entered its judgment. The court found that Wife had regular monthly expenses of more than $6,000, not including travel and vacation expenses based upon the prior standard of living that she and the minor children had enjoyed during the parties' marriage, and also not including the substantial attorney's fees she had regularly incurred since the Original Judgment as a result of Husband's various motions and appeals. Considering the evidence concerning Wife's investment and other income as well as Husband's resources, the trial court left intact its original maintenance award of $2,500 per month from the date of the Original Judgment (September 29, 1995) through September 30, 1997, but ordered that the maintenance award be reduced to $1,250 per month from and after October 1, 1997. The trial court's judgment offered no finding or explanation as to why the new maintenance award did not apply retroactively. The judgment also ordered Husband to pay Wife the amount of $5,000 for attorney's fees incurred while the matter was previously on appeal.

This appeal followed.

## II. *Discussion*

### (1) *Amount of Maintenance*

Husband argues that the trial court erred in prospectively awarding Wife $1,250 per month in maintenance because the evidence showed that this sum greatly exceeds Wife's reasonable needs. We disagree. The trial court's award of maintenance is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. A discussion of this point would have no precedential value and is denied. Rule 84.16(b).

### (2) *Failure to Apply the New Maintenance Award Retroactively*

■ Husband next argues that the trial court erred by failing to apply the reduced maintenance award retroactively, so as to afford him restitution for the amount he presumably overpaid between the time of the Original Judgment and the new judgment.

The failure of the trial court to apply the reduced maintenance award retroactively was error because it improperly denies Husband restitution for amounts that he paid as a direct result of an erroneous judgment. Missouri courts have consistently held that, upon reversal of a judgment against him, an appellant is entitled to restitution of all amounts paid under the erroneous judgment during the pendency of the appeal. *DeMayo*

*v. Lyons,* 360 Mo. 512, 228 S.W.2d 691, 692 (Mo.1950); *In re Marriage of Cook,* 663 S.W.2d 789, 790 (Mo.App. S.D.1984); *Chaney v. Cooper,* 948 S.W.2d 621, 624 (Mo.App. W.D.1997).

In this case, the original maintenance award as reversed by this Court in *Clarke I* was erroneous at the time it was first issued, not twenty-four months later. Our opinion and Mandate in *Clarke I* implicitly required that any reduction in the amount of maintenance ordered by the trial court upon remand must be applied retroactively. In such a situation the right to restitution exists even if it is not expressly ordered by the appellate court's Mandate, and the power *and duty* of the trial court to grant restitution is inherent. *DeMayo v. Lyons,* 228 S.W.2d at 693; *Chaney v. Cooper,* 948 S.W.2d at 624.

Accordingly, the portion of the judgment requiring that Husband pay Wife the sum of $2,500 per month maintenance from the date of the Original Judgment through September 30, 1997 must be reversed.

### (3) *Appellate Attorney's Fees*

In his third point relied on, Husband contends the trial court exceeded its authority upon remand when it awarded Wife $5,000 in attorney's fees for the previous appeal.

 Pursuant to Section 452.355 RSMo 1994, in dissolution matters the Court of Appeals has no jurisdiction to award attorney's fees even when a case is pending on appeal. *Vandegriff v. Vandegriff,* 695 S.W.2d 941, 945 (Mo.App. W.D.1985). The circuit court, and *only* the circuit court, has jurisdiction to consider and grant such a fee award.[1] *Cascio v. Cascio,* 485 S.W.2d 857, 861 (Mo.App. W.D.1972); *In re Marriage of Brooke,* 773 S.W.2d 496, 499 (Mo.App. S.D. 1989); *Schumann v. Schumann,* 830 S.W.2d 562, 563 (Mo.App. E.D.1992). Appellate courts have expressed a preference for trial courts ruling on motions for attorney's fees· on appeal to do so at the time the motion is brought, rather than holding a ruling in abeyance until the resolution of the appeal. *Schumann,* 830 S.W.2d at. 564. But that requirement is not absolute; and under Section 452.355 RSMo a trial court has jurisdiction to award fees for an appeal even after issuance of the appellate court's Mandate, at least in those instances where a motion for fees was filed prior to the Mandate and the trial court has not already ruled on it. *Id.*

 Here, the trial court had already ruled on Wife's prior motion for attorney's fees on appeal, in its Order and Judgment dated April 25, 1997, and denied it. Husband thus objected when Wife sought to raise anew the issue of her appellate attorney's fees at the hearing of October 28, 1997. An order deciding fees on appeal under Section 452.355 RSMo is itself a final appealable order. *Leone v. Leone,* 917 S.W.2d 608, 616 (Mo.App. W.D.1996); *State ex rel. Carlson v. Aubuchon,* 669 S.W.2d 294, 297 (Mo.App. E.D.1984). Wife did not appeal the order of April 25, 1997. Thus, in the absence of any indication of changed financial circumstances, that order would ordinarily be deemed *res judicata* with respect to any subsequent claim by Wife for attorney's fees related to the appeal. *Dardick v. Dardick,* 661 S.W.2d 538, 543 (Mo.App. E.D.1983). See also *Orth v. Orth,* 637 S.W.2d 201, 207 (Mo.App. E.D. 1982). In this case, however, the reduction in Wife's monthly maintenance award plainly amounted to a very substantial change in her financial conditions. The trial court was free to take that factor into consideration, as it implicitly did. Accordingly, we hold that there were sufficient changed circumstances to allow the fees issue to be relitigated, and that the trial court did not abuse its discre-

---

1. For that reason, Husband is incorrect as to one of the grounds he asserts in support of his position that the circuit court lacked authority to award Wife attorney's fees for the prior appeal. Husband cites Eastern District Court of Appeals Special Rule 400, which states in full: "Any party claiming an amount due for attorney's fees on appeal pursuant to contract, statute or otherwise and which this court has jurisdiction to consider, must do so before submission of the cause. This shall not apply to claims for damages under Rule 55.03 or Rule 84.19." By its terms Special Rule 400 has no possible application to the case at hand, since this Court has no jurisdiction to consider applications for fees on appeal made pursuant to Section 452.355 RSMo. Special Rule 400 simply requires that when an application for attorney's fees on appeal is presented to this Court, such application must be made prior to the time this Court takes the appeal under final submission. The rule has no application to fee requests made in any other court.

tion in awarding Wife $5,000 in appellate attorney's fees. Point denied.

### III. *Conclusion*

█ The portion of the judgment applying the reduced maintenance award prospectively only, rather than retroactively to the date of the Original Judgment, is reversed. Pursuant to the authority vested in us by Rule 84.14, the judgment of November 7, 1997 is hereby amended and corrected to provide (a) that Husband shall pay Wife the sum of $1,250 per month maintenance from the date of the Original Judgment and continuing thereafter until further order of the trial court, and (b) that judgment shall be entered against Wife and in favor of Husband for the sum of $30,000, representing restitution owed to Husband for the amount of maintenance that he overpaid due to the erroneous Original Judgment during the two-year period of September 29, 1995 through September 30, 1997.[2] In all other respects, the judgment is affirmed.

Chief Judge ROBERT G. DOWD, Jr. and Judge KATHIANNE KNAUP CRANE, concur.

---

2. Husband has suggested that if such restitution were ordered then he should additionally be entitled to retroactive judgment interest on the prior overpayments of maintenance, calculated from the date of each such installment. Although Husband did raise the issue of restitution with the trial court, the claim that he also is entitled to *judgment interest* on the amount owed has been raised for the first time on appeal, and even then only in his Reply Brief. It thus has not been preserved for review, and is denied.