**Marolyn G. BAILEY, Appellant,**

v.

**Charles E. BAILEY, Jr., Respondent.**

**No. ED 76553.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 30, 2000.

Frances M. Weir, St. Charles, for appellant.

Wesley C. Dalton, Warrenton, for respondent.

RICHARD B. TEITELMAN, Presiding Judge.

Marolyn G. Bailey (Wife) appeals from a judgment and decree dissolving her marriage to Charles E. Bailey, Jr. (Husband). Wife challenges (1) the trial court's division of marital property and (2) its post-judgment order requiring her to pay Husband $1000 in attorney's fees for this appeal. We affirm pursuant to Rule 84.16(b) with respect to the property division issue, and dismiss Wife's appeal with respect to the fees issue.

### Background

The parties were married on May 9, 1997; they separated on August 1, 1998. Wife filed her dissolution petition approximately one month following separation. Trial was held on April 30, 1999. No children were born of the marriage. Prior to the marriage, Wife resided at 28 Fairlane Acres, in Warrenton, Missouri. Wife owned a one-half interest in this property, together with her mother who owned the other one-half interest. Immediately after the marriage the parties moved into the home on Fairlane Acres, which became the marital residence. The parties jointly took out a loan for $63,000, primarily for the purpose of acquiring the residence. $45,000 of this sum was used to purchase Wife's mother's one-half interest in the residence; $5,000 was used for repairs and improvements to the house; and the remaining $13,000 was used to liquidate Wife's separate personal debts.

The main issue at trial concerned the value of the marital residence and its division. Husband requested one half the equity in the house. Wife wanted the residence declared her separate property or, in the alternative, if it be declared marital property that she receive all of the equity. At trial there was testimony that the market value of the home was within a range of $95,000 to $115,000. There was also evidence that while the couple resided together Husband had made several valuable improvements to the property.

The court's judgment and decree, entered on May 20, 1999, found the residence to be marital property. The decree placed no specific dollar value on the residence. The decree awarded Wife the residence, and ordered her to pay $20,000 to Husband within ninety days for his share of the marital equity in the residence. The decree further ordered that if Wife did not pay Husband $20,000 within ninety days of the decree, then the house was to be sold by a licensed realtor and after payment of expenses and the outstanding mortgage (which was $62,000 at the time of trial) the balance of sale proceeds was to be divided equally between the parties. This appeal followed.

Subsequent to the judgment and Wife's notice of appeal, Husband filed with the trial court a Motion for Attorney's Fees on Appeal. After a hearing, the court on October 5, 1999 entered an order granting Husband's motion and ordering Wife to pay Husband $1,000 for his attorney's fees on appeal.

### Discussion

In her first point relied on, Wife contends the trial court erred in awarding Husband $20,000 of the equity in the marital residence "because the record does not support its findings in light of all relevant

factors in Section 452.330 RSMo." We disagree. The determination and division of marital property is within the discretion of the trial court and we defer to the trial court's judgment unless it is an abuse of discretion. *Kettler v. Kettler,* 884 S.W.2d 729, 731 (Mo.App. E.D.1994). Further, review of this matter is governed by the principles of *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *Id.* We find that the trial court's award of $20,000 to Husband for his share of equity in the marital residence is supported by substantial evidence and is not against the weight of evidence. No error of law appears, nor any abuse of discretion. A discussion of this point would have no precedential value. Point denied. Rule 84.16(b).

■ In her second point Wife contends the trial court erred in its award to Husband of attorney's fees on appeal. The trial court—and only the trial court—has authority to award such fees in a pending appeal of a dissolution proceeding. See *Clarke v. Clarke,* 983 S.W.2d 192, 195 (Mo.App. E.D.1998); *Schumann v. Schumann,* 830 S.W.2d 562, 563 (Mo.App. E.D.1992). An order awarding such fees is itself a separate, final and appealable, post-dissolution order. *Clarke v. Clarke,* 983 S.W.2d at 195; *Leone v. Leone,* 917 S.W.2d 608, 616 (Mo.App. W.D.1996). Wife, however, has not separately appealed the court's order. No notice of appeal was ever filed concerning that matter. A timely filing of a notice of appeal is a jurisdictional requirement. *Griffin v. Griffin,* 982 S.W.2d 788 (Mo.App. E.D.1998). Accordingly, this Court is without jurisdiction to consider Wife's claim concerning the fees issue she now seeks to raise, and to that extent her appeal is dismissed.

### Conclusion

■ The judgment and decree of dissolution is affirmed. Wife's appeal of the

trial court's post-dissolution order of October 5, 1999, awarding Husband $1,000 attorney's fees on appeal, is dismissed.[1]

CLIFFORD H. AHRENS, J., and LAWRENCE E. MOONEY, J., concur.

---

1. Husband's request that he be awarded $2,500 in damages for a frivolous appeal pursuant to Rule 84.19 is denied. Though the primary issue raised by Wife in this appeal was not ultimately persuasive, we do not find

that her claim of error was so patently devoid of arguable merit as to be frivolous. See *Fornachon v. Fornachon,* 748 S.W.2d 705, 709 (Mo.App. E.D.1988).