Janet L. MILONE (Duncan) and Norma J. Hauschild, Respondents,

v.

Dale D. DUNCAN, et al, Appellants.

No. WD 67473.

Missouri Court of Appeals, Western District.

Feb. 19, 2008.

John K. Allinder, Independence, for Appellant.

Gail Berkowitz–Gifford and Norma J. Hauschild, Kansas City, for Respondents.

Before PAUL M. SPINDEN, Presiding Judge, PATRICIA A. BRECKENRIDGE,[1] Judge, and JAMES M. SMART, JR., Judge.

RONALD R. HOLLIGER, Judge.

Dale Duncan ("Father") appeals a trial court judgment involving the grant of third-party custody of his youngest daughter ("Child") and an award of child support. Father's marriage to Janet Milone ("Mother") was dissolved in 1998. Child, who was born of that marriage, was nine years old when the marriage was dissolved. Father and Mother were awarded joint legal and physical custody of Child.

Prior to her seventeenth birthday, Child resided with Father. Upon turning seventeen, Child moved out of Father's house and took up residence with her maternal grandmother ("Grandmother"). Mother filed the instant motion to modify one month later. Because Child was living with Grandmother when that motion was filed, the court allowed Father to add Grandmother to the action as a third-party respondent. The trial court ultimately awarded joint legal and physical custody to Mother, Father, and Grandmother.[1] The court also ordered that Mother and Father each pay prospective and retroactive child support to Grandmother. Finally, the court ordered that Father pay $6000 of Mother's attorney fees.

Father raises six points on appeal, three of which are not preserved for our review. We find merit in Father's fourth point, that the judgment entered is not supported by substantial evidence to the extent that it ordered child support in excess of the child's demonstrable financial needs. Father's fifth point deals with retroactive child support. Because we are reversing and remanding the trial court's order of prospective child support, the retroactive support must also be remanded to the trial court. Finally, Father challenges the award of partial attorney fees to Mother. Finding no abuse of discretion, we affirm the award of fees.

## Standard of Review

On appeal of judgments ordering the modification of child custody and support, our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Durbin v. Durbin*, 226 S.W.3d 876, 878 (Mo.App. W.D.2007). We will thus affirm the judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy*, 536 S.W.2d at 32. In conducting this review, we must give deference "to the opportunity of the trial court to have judged the credibility of wit-

---

1. Breckenridge, J., was a member of this court at the time the case was argued and submitted. She was subsequently appointed a judge of the Supreme Court of Missouri but has been reassigned to this court as a special judge for the purpose of disposition of this case.

1. While the judgment under review makes clear in its factual findings that Child is residing with Grandmother, where she wishes to remain, no parenting plan is adopted in the judgment. On appeal, no complaint is raised about the absence of a parenting plan.

nesses." *Id.* at 31 (quoting former Rule 73.01). The award of attorney fees pursuant to section 452.355[2] falls within the broad discretion of the trial court and "will be overturned only upon showing an abuse of discretion." *Alberswerth v. Alberswerth,* 184 S.W.3d 81, 93 (Mo.App. W.D. 2006).

## Discussion

■ In his first point on appeal, Father complains that the trial court failed "to make specific findings that there has been a substantial[3] change in circumstances of the child or custodial parent before modifying custody." As worded, this assignment of error does not implicate the sufficiency of the evidence supporting the judgment; rather, the claimed error involves the absence of statutorily required findings. "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 78.07(c).[4]

The record on appeal discloses that Father filed no post-trial motion to amend the judgment. Father did file a motion for reconsideration or rehearing, but that motion does not assert that the trial court failed to make any statutorily required findings. Father's first point on appeal is not preserved for review by this court. *See Robertson v. Robertson,* 228 S.W.3d 624, 626 (Mo.App. W.D.2007).

Father's second and third points are each unpreserved because of the failure to provide this court with a complete transcript. The certified transcript filed with this appeal bears the inscription: "The sealed proceedings held on Wednesday, June 14, 2006, have been intentionally left out at the request of counsel." Based on a review of the available record, it would seem that the sealed proceedings, for which no transcript has been provided, consist of an *in camera* interview conducted pursuant to section 452.385.

■ Father's second point on appeal challenges the sufficiency of the evidence to rebut the "parental presumption." This presumption may only be overcome by a showing "that each parent is unfit, unsuitable, or unable to have custody or that the welfare of the child requires third-party custody." *Young v. Young,* 14 S.W.3d 261, 264 (Mo.App. W.D.2000). In the judgment under review, the trial court explicitly relies upon testimony received during the *in camera* proceedings for which Father has provided no transcript. Our rules of court require that an appellant furnish this court with "all of the record, proceedings and evidence necessary to the determination of all questions to be presented." Rule 81.12(a). Without the evidence received during the *in camera* interview, there is no record upon which this court can base a determination that the trial court judgment is or is not supported by sufficient evidence. *Cooper v. Gen. Standard, Inc.,* 674 S.W.2d 117, 122 (Mo.App. W.D.1984). Father's second point thus presents nothing for this court to review.

■ In his third point, Father claims that the trial court violated section 452.385

---

**2.** All statutory references are to Missouri Revised Statutes (2000) unless otherwise noted.

**3.** We note in passing that, in a custody modification proceeding resulting in an order of joint custody, the requisite showing of changed circumstances need not be "substan-

tial" in order to comport with section 452.410. *Russell v. Russell,* 210 S.W.3d 191, 194 (Mo. banc 2007).

**4.** All rules referenced are Missouri Court Rules (2007), unless otherwise noted.

by conducting an *in camera* interview of the child without permitting counsel to participate by asking questions or having the court ask questions proposed by counsel. As already noted, the transcript of that interview has not been made a part of the record on appeal, nor is there any objection otherwise on the record. "It is the duty of an appellant to furnish a transcript containing a record of proceedings which he desires to have reviewed. In the absence of such record there is nothing for the appellate court to decide." *Id.; see also* Rule 81.12(c). Father's third point is thus not preserved for our review.

### Demonstrable Financial Needs of the Child

■ Father's fourth point on appeal claims that the trial court abused its discretion by ordering child support in an amount that exceeded the demonstrable financial needs of the child. Missouri Court Rules establish "a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the correct amount of child support." Rule 88.01(b). The burden of rebutting this presumption falls on the party challenging the Form 14 calculation. If rebutted, the presumed fact "must then be determined from the evidence in the case as if no presumption had ever been in operation." *Harding v. Harding,* 826 S.W.2d 404, 407 (Mo.App. W.D.1992).

In the instant case, the trial court rejected the parties' Form 14 calculations and prepared its own Form 14. *See Woolridge v. Woolridge,* 915 S.W.2d 372, 378–79 (Mo.App. W.D.1996) (describing the procedure for arriving at an appropriate Form 14 calculation). Based upon that calculation, the trial court arrived at a total combined child support amount of $1133, of which, $787 was apportioned to Father. In this appeal, Father claims that the presumed total support amount ($1133) exceeded the demonstrable needs of the child, as established by the evidence at trial.

At trial, Grandmother testified that she has had to "dip into" her savings since Child has come to live with her. During Grandmother's cross-examination, Father attempted to elicit specific testimony regarding Child's financial needs. In response to that questioning, Grandmother indicated that one half of a $129 cell phone bill was attributable to Child; that her utility bills have increased by more than $10 to $15 per month; that her grocery expenses have increased "considerably," that she pays $3 per day for Child's school lunches; and that, during the ten months Child had lived with Grandmother, a pair of glasses had been purchased for $400.[5] Grandmother also testified that she owns her home outright and that Child, who owns her own car, pays for her own gasoline and auto insurance. During this cross-examination, Grandmother acknowledged that she had not prepared an income and expense statement for the court, nor had she itemized her expenses associated with caring for Child.

Father's cross-examination of Grandmother sufficiently raised the issue of whether the trial court's Form 14 calculation represented "the correct amount of child support." Rule 88.01(b); *See Renaut v. Kullman,* 152 S.W.3d 431, 435 (Mo.App. W.D.2005) (noting that evidence of actual financial needs can be sufficient to rebut presumed support amount). Once Father had rebutted the presumed child support amount, it was incumbent upon the other

---

**5.** The dollar amounts in this sentence represent the only expenses actually quantified at trial. Adding these expenses together, it would appear that Child's demonstrable financial needs amount to just over $200 per month—well below the Form 14 calculation.

parties in the case to introduce evidence of Child's actual financial needs. While Mother and Grandmother each offered additional testimony that Grandmother's expenses had increased due to Child living with her, no attempt was made to further quantify any of those expenses.

We recognize and acknowledge that the presumed amount is not rebutted simply because a parent cannot or does not come forth with direct evidence to support it. That would undermine the purpose of the child support guidelines and ignore many of the economic assumptions used to write them. We also believe, however, that the guidelines and the presumed child support amount reflect a presumption that at least one parent will have custody. That does not mean that the guidelines can never be used in a third-party custody case, but does mean, we believe, that in the face of rebutting evidence, the court must do more in determining the actual amount to be paid.

The record under review thus contains insufficient evidence to support a finding that Child's demonstrable needs approach $1133 per month. The judgment entered must therefore be remanded for the trial court to calculate an appropriate child support amount based upon "all [the] relevant evidence presented at trial." *Renaut*, 152 S.W.3d at 435.

Because we find that the award of prospective support was unsupported by the evidence, the award of retroactive support must also be remanded for reconsideration. *See, e.g., Nelson v. Nelson*, 25 S.W.3d 511, 524 (Mo.App. W.D.2000). "[O]n remand, after recalculating its prospective award of child support, the trial court is required, based on its recalcula-

tion, to determine the correct retroactive award." *Id.*

## Attorney Fees

 In his final point on appeal, Father claims that the trial court abused its discretion in awarding partial attorney fees. Trial courts have broad discretion in awarding attorney fees. Missouri courts follow the American Rule, meaning that, in the absence of a contractual agreement or statutory authorization, parties are responsible for their own attorney fees. *Mayor, Councilmen, & Citizens of Liberty v. Beard*, 636 S.W.2d 330, 330 (Mo. banc 1982). When appropriate, however, circuit courts may award fees in dissolution and child custody proceedings. *See* section 452.355.1. In doing so, the court is required to consider "all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action." *Id.*

At trial, Mother testified that she had incurred $11,549 in attorney fees and that she was not able to pay those fees. On cross-examination, Mother acknowledged that she had paid her attorney.[6] Father claims on appeal that the trial court's judgment ordering Father to pay $6000 of Mother's attorney fees is unsupported by the evidence because "a court must know what debts each party owes and what non-employment income each party has before it can determine either the need or ability to pay." *Barancik v. Meade*, 106 S.W.3d 582, 594 (Mo.App. W.D.2003).

Father does not challenge the reasonableness of the fee, and instead argues, based on *Barancik*, that the trial court was not in a position to determine the parties'

---

**6.** Contrary to the assertions in Father's brief, however, Mother's testimony does not unambiguously establish that she had paid those fees in full. Mother merely answered "yes" to the question: "Now, Ms. Milone, you have

paid Ms. Berkowitz; isn't that true?" No further questions or testimony established how much had been paid or whether any balance remained unpaid.

needs and ability to pay. This court noted in *Barancik* that:

> The evidence, in this case, of the financial resources of both parties is scant. Father indicated that he earns $15 an hour as an investigator at a law firm. Father's wages for the previous year, 2000, were also in evidence. The only evidence of Mother's financial resources was that she was unemployed at the time of the hearing. Mother's wages for the previous year were not in evidence in the form of tax returns or otherwise. The record does not contain any statements of property or the amount of debt of each party.

*Barancik*, 106 S.W.3d 582, 594 (Mo.App. W.D.2003).

The instant case is easily distinguished from *Barancik*. In the instant case, the trial court had before it extensive evidence of the parties' relative financial resources. Because the case required the court to determine an appropriate child support order, the court received Form 14 calculations from the parties, along with supporting documentation, including W–2s, pay stubs, and filed tax returns. Those tax returns show the parties' respective taxable income from both employment and non-employment sources, and reflect the fact that Father's Adjusted Gross Income for 2005 exceeded Mother's by roughly $23,000.[7] Based on this record, we are unable to say that the "trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Rus-*

*sell v. Russell*, 210 S.W.3d 191, 199 (Mo. banc 2007) (quoting *Aurich v. Aurich*, 110 S.W.3d 907, 916 (Mo.App. W.D.2003)).

Point denied.

### Conclusion

The judgment under review is reversed and remanded for a proper calculation of Father's child support obligation based upon Child's demonstrable financial needs as directed by Rule 88.01. The award of retroactive support is similarly reversed and remanded. In all other respects, the trial court judgment is affirmed.

PATRICIA A. BRECKENRIDGE[8], Presiding Judge, and JAMES M. SMART, JR., Judge, concur.

---

**7.** Mother and Father each filed Form 1040 with the IRS for the 2005 tax year. The parties each filed joint returns (with their current spouses) in 2005. Thus, Father's present claim that there was no evidence of spousal income before the trial court is mistaken. Father's argument concerning non-employment income is similarly mistaken, in that the tax returns reflect income from both employment and non-employment sources.

