

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **B.A.,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD83895** |
| **v.** | ) | |
| | ) | |
| | ) | **OPINION FILED:** |
| | ) | **February 23, 2021** |
| **DOUGLAS READY,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Callaway County, Missouri**
**The Honorable J. Hasbrouck Jacobs, Judge**

**Before Division Four:** Cynthia L. Martin, Chief Judge, and
Lisa White Hardwick and Mark D. Pfeiffer, Judges

Mr. Douglas Ready ("Husband") appeals *pro se* from the judgment of the Circuit Court of Callaway County, Missouri ("trial court"), awarding attorney's fees to B.A.[1] ("Wife") for Wife's appellate attorney's fees relating to Husband's previous appeal to this Court regarding Husband's appeal of a dissolution judgment between the parties, *B.N.A. (formerly B.N.R.) v. Ready*, 614 S.W.3d 14 (Mo. App. W.D. 2020) (appeal dismissed for briefing deficiencies) ("Dissolution Appeal"). Due to numerous appellate briefing deficiencies in his present appeal, Husband's initial appellant's brief was stricken by Order of this Court dated October 2, 2020, and Husband was

---

[1] Pursuant to section 595.226, we do not use the wife's name in this opinion. All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as supplemented.

granted fifteen days to file an amended brief correcting the Rule 84.04 violations.[2]  Husband filed an amended appellant's brief but failed to correct his briefing deficiencies; we, therefore, dismiss his appeal.

## Procedural Background

The factual and procedural history relating to the parties' marriage and subsequent dissolution proceedings is detailed in the Dissolution Appeal and we need not repeat it here for our purposes, with the exception of footnote 3 from the Dissolution Appeal opinion, which describes the background of the present appeal:

> [Husband] filed his notice of appeal on December 30, 2019.  Subsequently, [Wife] petitioned the Trial Court for attorney fees stemming from this appeal pursuant to section 452.355.  In *Goins v. Goins*, 406 S.W.3d 886, 889 (Mo. banc 2013), the Court held that the award of attorney fees on appeal is not an amendment of the dissolution judgment or entry of a new dissolution judgment[;] instead it relates to the collateral matter of a party's right to pursue a statutorily authorized award of attorney fees pursuant to section 452.355.  "'[T]he circuit court, and only the circuit court, has jurisdiction to consider and grant an award of attorney fees pursuant to section 452.355.'"  *Id.* (quoting *Clarke v. Clarke*, 983 S.W.2d 192, 195 (Mo. App. E.D. 1998)).  The Trial Court ordered [Husband] to pay [Wife] $7,000.00 for her anticipated attorney fees.  On June 18, 2020, [Husband] filed an "Amended Motion to Reconsider or Overturn/Set Aside Attorney Fees" in this Court, but because the Trial Court's judgment is a separate and distinct judgment subject to appeal, we deny [Husband's] motion.  [Husband] has filed a notice of appeal stemming from the judgment, which has been docketed as WD83895.

*Id.* at 16 n.3.  This appeal from the award of attorney's fees ensues.

## Motion to Dismiss

On October 2, 2020, this Court issued an Order striking Husband's appellant's brief for violations of:  Rule 84.04(d) as to Husband's points relied on; Rule 84.04(d)(5) as to Husband's failure to include a listing of cases or other authority that Husband relied upon; and Rule 84.04(e) as to Husband's failure to include in his argument a concise statement of the applicable standard

---

[2] All rule references are to I MISSOURI COURT RULES—STATE 2020.

of review and failure to include a concise statement describing whether the error was preserved for appellate review and, if so, how it was preserved. Husband was given fifteen days to file an amended appellant's brief to address the Rule 84.04 briefing deficiencies and Husband's second effort was no better. Wife responded to Husband's amended appellant's brief by filing a motion seeking to strike Husband's appellate brief and to dismiss the appeal.

While this Court is "mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure, we must require *pro se* appellants to comply with these rules. We must not grant a *pro se* appellant preferential treatment." *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 146 (Mo. App. W.D. 2007). "It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Kuenz v. Walker*, 244 S.W.3d 191, 193 (Mo. App. E.D. 2007) (internal quotation marks omitted). A party appearing *pro se* is held to the same standards as a licensed attorney and, as such, his brief must substantially meet the requirements of Rule 84.04. *Emig ex rel. Emig v. Curtis*, 117 S.W.3d 174, 177 (Mo. App. W.D. 2003).

That said, the Missouri Court of Appeals does *not* play hide-the-ball when it comes to briefing requirements and, instead, provides a detailed primer to all litigants, whether represented or unrepresented, via the public web site found at www.courts.mo.gov. There are three districts of the Missouri Court of Appeals—Western, Eastern, and Southern—and each district has a separate web page within the www.courts.mo.gov web site. At each district's separate web page, there is a detailed primer on appellate practice in the appellate courts. For example, at the Western District, there is a link to a document titled "Quick Guide to Appellate Practice." At the Eastern District, there is a link to a document titled, "The ABC's of Appellate Practice." Similarly, the Southern District also has a link to a document titled, "The ABC's of Appellate Practice." Within these links are detailed examples, illustrations, and explanations for precisely how the appellate

brief is to be prepared for submission, including detailed discussions about all requirements for appellate briefing. Frankly, these documents are recommended reading for *all* who appear before Missouri's appellate courts, whether as a licensed attorney or a self-represented litigant.

Husband was fully aware that his initial appellant's brief was deficient in numerous respects that were itemized by this Court's Order of October 2, 2020. There was nothing prohibiting Husband from reviewing Rule 84.04 or the Western District's "Quick Guide to Appellate Practice," either of which might have guided Husband to presenting a compliant appellate brief to this Court. He did not.

"Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Bartsch v. BMC Farms, L.L.C.*, 573 S.W.3d 737, 742 (Mo. App. W.D. 2019) (internal quotation marks omitted).

Husband's points on appeal complain of the ruling awarding attorney's fees to Wife but fail to address the rule of law the trial court should have applied and, perhaps most importantly, fail to cite to the evidentiary basis supporting the rule of law that Husband claims should have been applied. "'Under Rule 84.04, it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justifications and circumstances.'" *Acton v. Rahn*, 611 S.W.3d 897, 902 (Mo. App. W.D. 2020) (quoting *Fesenmeyer v. Land Bank of Kansas City*, 453 S.W.3d 271, 274 (Mo. App. W.D. 2014)).

> The three components of a point relied on are (1) a concise statement of the challenged ruling of the trial court, (2) the rule of law which the court should have applied, and (3) the evidentiary basis upon which the asserted rule is applicable. A point relied on which cannot be comprehended without referring to other portions of the brief preserves nothing for review.

*Carden v. Mo. Intergovernmental Risk Mgmt. Ass'n*, 258 S.W.3d 547, 556 (Mo. App. S.D. 2008) (internal quotation marks omitted).

4

The purpose of Rule 84.04(d)(1) is "to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Crawford Cty. Concerned Citizens v. Mo. Dep't of Nat. Res.*, 51 S.W.3d 904, 908 (Mo. App. W.D. 2001) (internal quotation marks omitted). "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *Weinshenker v. Weinshenker*, 177 S.W.3d 859, 863 (Mo. App. E.D. 2005) (internal quotation marks omitted). "Instead, the purpose of this rule is to give notice to the opposing party as to the precise matters that must be contended with and to inform the court of the issues presented for review." *Id.* (internal quotation marks omitted). "Insufficient points relied on preserve nothing for this court to review." *State v. Mullins*, 140 S.W.3d 64, 68 (Mo. App. W.D. 2004) (internal quotation marks omitted).

Though the gist of Husband's argument in the present appeal is that the trial court erred in awarding attorney's fees of $7,000 to Wife for use in the Dissolution Appeal, Husband fails to cite even one case precedent to support his argument and, more importantly, ignores that there was an evidentiary hearing conducted by the trial court on Wife's motion seeking attorney's fees and *Husband has not provided us the transcript of that proceeding*. Hence, we have no way to discern at this Court whether the evidence demonstrated that the trial court abused its discretion in awarding such attorney's fees. For, the matter of awarding attorney's fees rests within the sound discretion of the trial court and is subject to review only for abuse of discretion. *Russell v. Russell*, 210 S.W.3d 191, 199 (Mo. banc 2007). Simply put, when the appellant asks us to review a proceeding below, but fails to include a record of that proceeding, there is "nothing for [an] appellate court to decide." *Milone v. Duncan*, 245 S.W.3d 297, 301 (Mo. App. W.D. 2008) (internal quotation marks omitted). "Where, as here, the record does not contain all information and documents necessary for this Court to determine an issue presented on appeal, review by this

[C]ourt is impossible, and the claim of error must be dismissed." *Huber ex rel. Boothe v. Huber*, 204 S.W.3d 364, 368 (Mo. App. W.D. 2006).

Husband fails to even address the topic of whether or not the trial court "abused its discretion" in the award of attorney's fees, because Husband fails to cite to any precedent regarding the topic of the standard of review on appeal of an award of attorney's fees. Though Husband feigns that his case is "unique" and, hence, does not fall within any example of previous precedent, this argument is unavailing. "It is an appellant's obligation to cite appropriate and available precedent if [the appellant] expects to prevail." *Rademan v. Al Scheppers Motor Co.*, 423 S.W.3d 834, 837 (Mo. App. W.D. 2014) (internal quotation marks omitted). For, it is not the role or function of this Court to assist either party in developing a party's legal arguments on appeal. *See Crawford*, 51 S.W.3d at 908 (explaining that appellants are required to cite law or other authority in support of an issue of claimed error presented to this Court).

Husband also seems to suggest in his appellate briefing that the trial judge who ruled on the motion for attorney's fees below should have recused from the case without citing any legal precedent to support his argument or providing any *evidence* of the trial judge's alleged unconstitutional bias toward him. Instead, Husband bases his conclusory argument on his assumption that because the trial judge (Judge Jacobs) has *colleagues* that he serves alongside in the Thirteenth Judicial Circuit that are *related* to attorneys who had previously represented interests that were adverse to him in *collateral* litigation involving Husband and Wife, the trial judge should somehow be *presumed* to be acting in a biased fashion to punish Husband for taking a contrary view to his judicial colleagues' relatives. Of course, Husband neither points to, nor presents, any evidence from the record on appeal demonstrating that Judge Jacobs has ever demonstrated any unconstitutional bias toward Husband. Instead, Husband simply appears to

6

assume that any judge who rules against him must be biased.[3] This conclusory argument is unsupported by fact, law, or logic. While a "biased decision-maker [is] constitutionally unacceptable," *Withrow v. Larkin*, 421 U.S. 35, 47 (1975), decision-makers are presumed to "act honestly and impartially, and a party challenging the partiality of the decision-maker has the burden to overcome that presumption." *State ex rel. Praxair, Inc. v. Mo. Pub. Serv. Comm'n*, 344 S.W.3d 178, 191 (Mo. banc 2011) (internal quotation marks omitted). By failing to address any legal precedent (or evidence) to develop Husband's argument that the trial court has abused its discretion in failing to sustain Husband's motions seeking the trial judge's recusal below, Husband has not preserved any such argument for appellate review. *See Gordon ex rel. G.J.E. v. Epperly*, 504 S.W.3d 836, 846 (Mo. App. W.D. 2016) (explaining that appellate review of trial court's denial of a motion for change of judge is for abuse of discretion).

### Conclusion

For the foregoing reasons, we sustain Wife's motion seeking to strike Husband's appellate brief and to dismiss Husband's appeal.

/s/ *Mark D. Pfeiffer*
_____
Mark D. Pfeiffer, Judge

Cynthia L. Martin, Chief Judge, and Lisa White Hardwick, Judge, concur.

---

[3] On the topic of motions for change of judge, we note *ex gratia* that "Rule 51.05 permits a party in a civil action to seek one change of judge without cause." *Thomas v. State*, 808 S.W.2d 364, 366 (Mo. banc 1991). *See* Rule 51.05(d). Husband had already previously invoked his "without cause" change of judge in the proceedings below back in 2015 and, hence, could not seek another "without cause." And, we find it conspicuous that Husband waited until *after* Judge Jacobs denied his motion for rehearing on the underlying dissolution judgment before he decided to file a motion for change of judge, whether with or without cause. "To permit [a party] to obtain a change of judge *after* judgment has been entered by the trial court would subvert the proceedings below and produce an absurd result. This we will not do." *Burgett v. Thomas*, 509 S.W.3d 840, 846 (Mo. App. W.D. 2017). Husband's attempts at judge-shopping below were untimely and unsupported by evidence, law, or logic.