

*In the*

*Missouri Court of Appeals*

*Western District*

| | |
|---|---|
| **CHARLES RADEMAN,** | **WD76396** |
| **Appellant,** | |
| **v.** | **OPINION FILED:** |
| **AL SCHEPPERS MOTOR COMPANY AND DIVISION OF EMPLOYMENT SECURITY,** | **MARCH 4, 2014** |
| **Respondents.** | |

**Appeal from the Labor and Industrial Relations Commission**

**Before Division Three: Anthony Rex Gabbert, P.J.,
Victor C. Howard, Thomas H. Newton, JJ.**

Charles Rademan appeals the decision of the Labor and Industrial Relations Commission ("Commission") affirming the Appeals Tribunal's decision that Rademan was discharged by his employer for misconduct connected with work, thereby disqualifying him from unemployment benefits. Rademan raises one point on appeal. Rademan argues that the Commission erred in denying him unemployment benefits because the decision was not supported by competent and substantial evidence because he was not fired for misconduct but rather for refusing to sign the reprimand papers his employer wanted him to sign. We dismiss Rademan's appeal for failure to comply with Rule 84.04 and failure to include any legal authority supporting his claim.

**Factual Background**

Rademan was employed by Al Scheppers Motor Company ("Employer") for many years, working at the parts desk. On October 11, 2012, Tina Sieg, Employer's Parts Manager, met with Rademan about three complaints made to the Employer by his co-workers. As a result of the complaints, Sieg presented two written reprimands to Rademan to review and sign. When Rademan was asked to sign the reprimands, he refused. Sieg said that he could sign the reprimands and indicate next to his signature that he was signing under protest. Rademan still refused to sign the reprimands. After multiple refusals to sign, Rademan was fired.

Rademan applied for unemployment benefits. The Division's deputy determined that Rademan was not disqualified from receiving unemployment benefits. The Employer appealed the decision to the Appeals Tribunal. The Appeals Tribunal reversed the deputy's determination, finding that Rademan was disqualified for misconduct connected with work and, therefore, disqualified from receiving unemployment benefits. Rademan appealed the Appeals Tribunal's decision to the Commission. The Commission affirmed and adopted the decision of the Appeals Tribunal. Rademan appeals.

**Appeal Dismissed**

Before deciding the merits of Rademan's appeal, this Court must determine whether Rademan's brief substantially complies with the mandatory rules for appellate briefing under Rule 84.04. We first note that Rademan is before this Court pro se. Rademan is fully entitled to proceed pro se, but he is bound by the same rules of procedure as those represented by counsel. *Moran v. Mason*, 236 S.W.3d 137, 139 (Mo. App. 2007). While this Court is mindful of the problems facing pro se appellants, we cannot relax the standards for non-attorneys. *First State Bank of St. Charles v. Am. Family Mut. Ins. Co.*, 277 S.W.3d 749, 752 (Mo. App. 2008). "This

2

principal is not grounded in a lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Thompson v. Flagstar Bank, FSB*, 299 S.W.3d 311, 313 (Mo. App. 2009) (internal quotations and citations omitted). As such, Rademan is required to substantially comply with the mandatory briefing requirements of Rule 84.04, as well as all other Missouri Court Rules. *Id.* Failure to substantially comply with Rule 84.04 is grounds for dismissal. *First State Bank of St. Charles*, 277 S.W.3d at 752.

In reviewing Rademan's brief we find that it fails to substantially comply with Rule 84.04. First, Rademan's brief lacks a table of cases, statutes, and other authorities cited, with reference to the pages of the brief where they are cited, in violation of Rule 84.04(a)(1). In fact, the brief lacks any legal authority. "It is an appellant's obligation to cite appropriate and available precedent if [the appellant] expects to prevail." *In re Marriage of Spears*, 995 S.W.2d 500, 503 (Mo. App. 1999). "Where, as here, the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss the appeal." *Id.*

Second, Rule 84.04(c) requires that the statement of facts "be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rademan's statement of facts are argumentative, similar to what one would find in a pleading to a trial court. Furthermore, the statement of facts fails to cite "specific page references to the relevant portion of the record on appeal." Rule 84.04(c). "This Court will not act as an advocate by scouring the record for facts to support [Rademan's] contentions." *First State Bank of St. Charles*, 277 S.W.3d at 752.

Third, Rademan's Point Relied On fails to comply with Rule 84.04(d). Not only does Rademan fail to include a list of legal authority upon which he relies, he does not "explain in

3

summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(2)(C),(5).

Finally, Rademan's brief fails to comply with Rule 84.04(e). The argument portion of the brief "should show how the principles of law and the facts of the case interact." *Boyd v. Boyd*, 134 S.W.3d 820, 824 (Mo. App. 2004). Rademan's argument portion does not state any principles of law and his facts are argumentative, similar to his statement of facts section. Additionally, Rule 84.04(e) requires a brief statement regarding the applicable standard of review. Rademan's brief does not include such a statement.

We note that this Court struck Rademan's first appellate brief for many of the aforementioned briefing deficiencies, and thereafter mailed him a letter advising him of the deficiencies. In Rademan's amended brief, he failed to correct any of the deficiencies enumerated in this Court's letter to him. In order to fix these deficiencies and determine if Rademan is entitled to relief, it would require this Court to act as Rademan's advocate—which we cannot do. *Smith v. Med Plus Healthcare*, 401 S.W.3d 573, 576 (Mo. App. 2013). Therefore, because Rademan's brief fails to comply with Rule 84.04, it preserves nothing for review. *First State Bank of St. Charles*, 277 S.W.3d at 753.

We conclude, therefore, that because Rademan's brief fails to substantially comply with Rule 84.04 and fails to include any legal authority supporting his claim, it preserves nothing for our review. We dismiss this appeal.

Anthony Rex Gabbert, Judge

All concur.

4