

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| B.N.A. (FORMERLY B.N.R.), | ) | |
| | ) | |
| Respondent, | ) | WD83447 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | September 15, 2020 |
| DOUGLAS B. READY, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Callaway County, Missouri**
The Honorable Kevin M.J. Crane, Judge

Before Division Three:  Gary D. Witt, Presiding Judge, Lisa White Hardwick, Judge, Thomas N. Chapman, Judge

Douglas Ready ("Ready") appeals from the judgment of the Circuit Court of Callaway County dissolving Ready's marriage to B.A.[1]  In this appeal he raises one point relied on alleging the Trial Court[2] committed eight separate claims of error.  Ready's briefing does not comply with Rule 84.04, and his point relied on is multifarious.  Furthermore, he has failed to provide a transcript of the dissolution proceedings.  We therefore dismiss his appeal.

---

[1] Pursuant to section 595.226 RSMo (2016), we do not use the wife's name in this opinion.

[2] The matter was heard by a Family Court Commissioner, whose findings and recommendations were adopted in judgments entered by a judge of the circuit court pursuant to Rule 130.01 *et. seq*.  We refer collectively to these judicial officers as "the Trial Court."

**Factual and Procedural Background**

Ready and B.A. were married on November 21, 1992. B.A. filed a Petition for Dissolution of Marriage on May 1, 2013, and Ready filed his Answer and Counter Petition for Dissolution of Marriage on June 4, 2013. The Trial Court conducted an extensive trial on October 14, 2016, November 22, 2016, May 17, 2017, June 13, 2017, June 21, 2017, July 25, 2017, August 9, 2017, August 29, 2017, and February 28, 2018. On December 5, 2016, the Trial Court entered an interlocutory judgment dissolving the parties' marriage effective December 31, 2016, but the interlocutory judgment incorrectly stated the marriage was registered in Maries County, Missouri. Subsequently, the interlocutory judgment was amended to accurately reflect that the marriage was registered in Cole County, Missouri. The Trial Court entered its final judgment on September 9, 2019, and in the final judgment, the Trial Court confirmed and made final its previous interlocutory judgment dissolving the marriage between Ready and B.A.

Ready was physically violent toward B.A. and berated B.A. in front of their child using foul and derisive language. Ready continuously harassed B.A. by sitting outside her residence, contacting her employer in an attempt to get her fired, and filing frivolous law enforcement complaints. B.A. obtained a full order of protection against Ready. The Trial Court found that "[Ready] intentionally delayed the litigation and refused to pay marital debts while benefitting from the increases in value due to [B.A.'s] actions in preserving the marital estate" and that "[Ready's] misconduct created a tremendous financial burden on the marriage." The judgment detailed overwhelming, extensive, and intentional financial mismanagement by Ready, which was specifically intended to financially harm B.A. even though it also caused him significant detriment. Ready also engaged in extensive collateral litigation causing years of delay in these

2

proceedings and substantial and unnecessary attorney fees. Ready failed to pay child support during the pendency of these proceedings and refused to assist in paying the child's medical bills or extracurricular expenses.

The Trial Court distributed the marital property awarding B.A. property valued at $639,519.08 and awarding Ready property valued at $104,777.51. The Trial Court assigned $346,413.76 of marital debt to B.A. and $25,053.00 of marital debt to Ready. B.A. was further ordered to pay Ready the sum of $50,000.00 to provide for equitable distribution of the marital estate. B.A. received a net total $243,105.32 of the marital estate, and Ready received a net total of $129,724.51. Additionally, B.A. incurred $84,601.06 in attorneys' fees during the course of the litigation and took out three loans to pay them, and the Trial Court ordered Ready to pay $25,000.00 of B.A.'s attorneys' fees.

During the marriage, Ready and B.A. had one child, J.R., who was eighteen at the time the judgment was entered, but J.R. remained eligible for child support. The Trial Court ordered Ready to pay $593.00 per month to B.A. for child support and $506.00 per month in retroactive child support accruing from January 1, 2016.

This appeal followed.[3] In his only point relied on, Ready raises eight separate claims of error alleging (1) the Commissioner improperly failed to recuse herself, (2) the Commissioner

---

[3] Ready filed his notice of appeal on December 30, 2019. Subsequently, B.A. petitioned the Trial Court for attorney fees stemming from this appeal pursuant to section 452.355. In *Goins v. Goins*, 406 S.W.3d 886, 889 (Mo. banc 2013), the Court held that the award of attorney fees on appeal is not an amendment of the dissolution judgment or entry of a new dissolution judgment, instead it relates to the collateral matter of a party's right to pursue a statutorily authorized award of attorney fees pursuant to section 452.355. "'[T]he circuit court, and only the circuit court, has jurisdiction to consider and grant' an award of attorney fees pursuant to section 452.355." *Id.* (quoting *Clarke v. Clarke*, 983 S.W.2d 192, 195 (Mo. App. E.D. 1998)). The Trial Court ordered Ready to pay B.A. $7,000.00 for her anticipated attorney fees. On June 18, 2020, Ready filed an "Amended Motion to Reconsider or Overturn/Set Aside Attorney Fees" in this Court, but because the Trial Court's judgment is a separate and distinct judgment subject to appeal, we deny Ready's motion. Ready has filed a notice of appeal stemming from the judgment, which has been docketed as WD83895.

erred in quashing the subpoenas of current and former judges of the Thirteenth Circuit Court, (3) the Trial Court erred in amending its interlocutory judgment dissolving the marriage, (4) the Trial Court's property distribution was inequitable, (5) the Trial Court erred in finding that 83% of B.A.'s retirement fund was marital property, (6) the Trial Court erred in finding that Tract II, Tract IV, and Tract V were not part of the marital estate and awarding Tract III to B.A., (7) the Trial Court erred in awarding B.A. attorneys' fees, and (8) the Trial Court erred in entering a full order of protection against Ready in favor of B.A.

**Motion to Dismiss**

B.A. filed a motion to dismiss this appeal citing Ready's numerous briefing deficiencies. "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Bartsch v. BMC Farms, LLC*, 573 S.W.3d 737, 742 (Mo. App. W.D. 2019) (internal quotations omitted). "Failure to substantially comply with Rule 84.04 preserves nothing for review and is a proper ground for dismissing an appeal." *Lueker v. Mo. W. State Univ.*, 241 S.W.3d 865, 867 (Mo. App. W.D. 2008). "Occasionally, we review non-compliant briefs from pro se appellants ex gratia" provided the abandoned claim is readily understandable. *Tavacoli v. Div. of Emp't Sec.*, 261 S.W.3d 708, 710-11 (Mo. App. W.D. 2008). While we are able to discern the gist of Ready's argument, he has failed to cite to any legal authority to support his claims, which would require this court to become an advocate to properly review his allegations of error, which we cannot do. *Rademan v. Al Scheppers Motor Co.*, 423 S.W.3d 834, 836-37 (Mo. App. W.D. 2014). "It is an appellant's obligation to cite appropriate and available precedent if [the appellant] expects to prevail." *Id.* at 837.

4

Rule 84.04(c) requires that the statement of facts "be a fair and concise statement of the facts relevant to the questions presented for determination without argument," but Ready's statement of facts is argumentative. Additionally, Rule 84.04(e) requires the argument portion of the brief to "show how the principles of law and the facts of the case interact." *Rademan*, 423 S.W.3d at 837 (quoting *Boyd v. Boyd*, 134 S.W.3d 820, 824 (Mo. App. W.D. 2004)). "Where, as here, the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss the appeal." *Id.* (quoting *In re Marriage of Spears*, 995 S.W.2d 500, 503 (Mo. App. S.D. 1999)).

Furthermore, Ready's single point relied on is multifarious raising eight claims of error. "A point relied on should contain only one issue, and parties should not group multiple contentions about different issues together into one point relied on." *Wolf v. Midwest Nephrology Consultants, P.C.*, 487 S.W.3d 78, 84 (Mo. App. W.D. 2016) (quoting *Rouse v. Cuvelier*, 363 S.W.3d 406, 419 (Mo. App. W.D. 2012)). "Multifarious points preserve nothing for appellate review." *Id.*

Finally, "[o]ur standard of review for a dissolution of marriage case requires us to affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Cox v. Cox*, 504 S.W.3d 212, 216 (Mo. App. W.D. 2016) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). However, "we cannot review evidentiary sufficiency claims without knowing the evidence presented." *Bishop v. Heartland Chevrolet, Inc.*, 152 S.W.3d 893, 897 (Mo. App. W.D. 2005) (quoting *Pierson v. Laut*, 113 S.W.3d 298, 300 (Mo. App. E.D. 2003)). Rule 81.12 imposes a duty on appellants to file a transcript and a sufficient record on appeal. Ready has provided a transcript of a post-trial hearing, but has not provided a transcript of the trial proceedings, nor has

5

he provided a record of the exhibits admitted into evidence during the trial. Therefore, we cannot conduct any meaningful review of Ready's evidentiary claims. *Dressel v. Dressel*, 221 S.W.3d 475, 477 (Mo. App. E.D. 2007) ("Because Husband has failed to file a transcript of the hearings in the dissolution of marriage proceedings, this Court has no way to determine whether the trial court did in fact err in its judgments."); *see Reno v. Reno*, 461 S.W.3d 860, 865 (Mo. App. W.D. 2015) ("Father has neglected to file a transcript of the proceedings, rendering review of his claim impossible."); *Milone v. Duncan*, 245 S.W.3d 297, 301 (Mo. App. W.D. 2008) ("It is the duty of an appellant to furnish a transcript containing a record of the proceedings which he desires to have reviewed. In the absence of such record there is nothing for the appellate court to decide.") (quoting *Cooper v. Gen. Standard, Inc.*, 674 S.W.2d 117, 122 (Mo. App. W.D. 1984)).

Ready is before this Court *pro se*, but he is bound by the same rules of procedure as parties represented by counsel. *Rademan*, 423 S.W.3d at 836. We cannot relax the standards for *pro se* appellants. *Id.* "'This principal is not grounded in a lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.'" *Id.* (quoting *Thompson v. Flagstar Bank, FSB*, 299 S.W.3d 311, 313 (Mo. App. S.D. 2009)). For the foregoing reasons, we dismiss Ready's appeal.

_____
Gary D. Witt, Judge

All concur