In the
 Missouri Court of Appeals
 Western District
TIMOTHY G. VOGEL, )
 )
 Respondent, ) WD83856
 )
v. ) OPINION FILED: June 29, 2021
 )
ROBERT S. STEFFEN, )
 )
 Appellant. )

 Appeal from the Circuit Court of Morgan County, Missouri
 The Honorable Matthew P. Hamner, Judge

 Before Division Three: Gary D. Witt, Presiding Judge, Mark D. Pfeiffer, Judge and
 W. Douglas Thomson, Judge

 Robert Steffen ("Steffen") appeals from the Circuit Court of Morgan County,

which following a bench trial entered judgment against Steffen and in favor of Timothy

Vogel ("Vogel") as to Vogel's claims of breach of contract and fraudulent

misrepresentation. The circuit court found in favor of Steffen and against Vogel as to

Vogel's claim for a violation of the Missouri Securities Act. Steffen appeals pro se.
Because Steffen's briefing does not comply with Rule 84.041 and because Steffen has

failed to provide a transcript of the proceedings below, we dismiss the appeal.

 "Compliance with Rule 84.04 briefing requirements is mandatory in order to

ensure that appellate courts do not become advocates by speculating on facts and on

arguments that have not been made." Bartsch v. BMC Farms, LLC, 573 S.W.3d 737, 742

(Mo. App. W.D. 2019) (internal quotations omitted). "Failure to substantially comply

with Rule 84.04 preserves nothing for review and is a proper ground for dismissing an

appeal." Lueker v. Mo. W. State Univ., 241 S.W.3d 865, 867 (Mo. App. W.D. 2008).

"The statement of facts shall be a fair and concise statement of the facts relevant to the

questions presented for determination without argument." Rule 84.04(c). "The primary

purpose of the statement of facts is to afford an immediate, accurate, complete and

unbiased understanding of the facts of the case." Lattimer v. Clark, 412 S.W.3d 420, 422

(Mo. App. W.D. 2013) (quoting Tavacoli v. Div. of Emp't Sec., 261 S.W.3d 708, 710

(Mo. App. W.D. 2008)). In the instant case, Steffen's Statement of Facts does not contain

the necessary facts for us to determine the merits of his claim, and this court would be

required to become an advocate to properly address his claims, which we cannot do.

Rademan v. Al Scheppers Motor Co., 423 S.W.3d 834, 836-37 (Mo. App. W.D. 2014).

Further, the rule requires "[a]ll factual assertions in the argument shall have specific page

references to the relevant portion of the record on appeal." Rule 84.04(e). Other than

generally stating that this is a dispute regarding the transfer of part ownership of a limited

 1
 All rule references are to the Missouri Court Rules (2021).

 2
liability company, there are scant factual statements as to even what the nature of the

dispute entailed or how it arose.

 Additionally, Rule 84.04(e) requires in relevant part that: "For each claim of error,

the argument shall also include . . . the applicable standard of review." Steffen's appeal

raises three claims of error but does not state which standard of review governs any one

of his claims. Bench-tried cases are subject to review as set forth in Murphy v. Carron,

536 S.W.2d 30, 32 (Mo. banc 1976), and judgments will be affirmed "unless there is no

substantial evidence to support it, unless it is against the weight of the evidence, unless it

erroneously declares the law, or unless it erroneously applies the law." It is impossible to

determine from Steffen's briefing whether he claims the judgment is not supported by

substantial evidence, whether he claims it against the weight of the evidence, or whether

he claims the circuit court erroneously declared or applied the law. Because those are

three separate claims, which require distinct analyses, we would again have to become an

advocate on Steffen's behalf to properly address the merits of his appeal, which we

cannot do. Because Steffen's briefing does not comply with Rule 84.04(e), his argument

has not been preserved for our review. Washington v. Blackburn, 286 S.W.3d 818, 822

(Mo. App. E.D. 2009).

 Furthermore, "we cannot review evidentiary sufficiency claims without knowing

the evidence presented." Bishop v. Heartland Chevrolet, Inc., 152 S.W.3d 893, 897 (Mo.

App. W.D. 2005) (quoting Pierson v. Laut, 113 S.W.3d 298, 300 (Mo. App. E.D. 2003)).

"It is the duty of an appellant to furnish a transcript containing a record of the

proceedings which he desires to have reviewed. In the absence of such record there is

 3
nothing for the appellate court to decide." Milone v. Duncan, 245 S.W.3d 297, 301 (Mo.

App. W.D. 2008) (quoting Cooper v. Gen. Standard, Inc., 674 S.W.2d 117, 122 (Mo.

App. W.D. 1984)); Rule 81.12(c)(2) ("The transcript shall contain the portions of the

proceedings and evidence not previously reduced to written form and necessary to

determination of the issues on appeal."). Because Steffen has not provided a transcript of

the proceedings that occurred in the circuit court, we cannot conduct any meaningful

review of Steffen's claims of error, and, although Steffen is before this Court pro se, he is

bound by the same rules of procedure as parties represented by counsel. Rademan, 423

S.W.3d at 836. "This principal [sic] is not grounded in a lack of sympathy but rather it is

necessitated by the requirement of judicial impartiality, judicial economy and fairness to

all parties." Id. (quoting Thompson v. Flagstar Bank, FSB, 299 S.W.3d 311, 313 (Mo.

App. S.D. 2009)).

 We find the deficiencies in Steffen's brief and in the failure to file a transcript are

such that we simply cannot dispose of the case on the merits. For the foregoing reasons,

we dismiss Steffen's appeal.

 __________________________________
 Gary D. Witt, Judge

All concur

 4